(No. 71751.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANTHONY HALL, Appellant.

*Opinion filed September 23, 1993.—Rehearing denied January 31, 1994.*

Marc R. Kadish, of Chicago (William Beattie, Jordan Cramer, John Lavey, Martha Niles, Patrick Blegen, Ellen Grigorian and Pamela Wolf, law students), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Bradley P. Halloran, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Anthony Hall, petitioned the circuit court of McLean County for post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The trial judge denied the peti-

tion, and defendant appeals to this court (134 Ill. 2d R. 651(a)). We affirm.

## BACKGROUND

We described the circumstances of the crime in the direct appeal and will not repeat them here. Following a bench trial, defendant was convicted of murder and was sentenced to death. This court affirmed defendant's conviction and sentence on direct appeal, and the United States Supreme Court denied *certiorari*. *People v. Hall* (1986), 114 Ill. 2d 376, *cert. denied* (1987), 480 U.S. 951, 94 L. Ed. 2d 802, 107 S. Ct. 1618.

The record shows that on October 5, 1989, defendant filed his second-amended petition for post-conviction relief. Defendant claimed, *inter alia*, that he was denied his right to the effective assistance of counsel.

In related motions, defendant moved that the trial judge: appoint a mitigation expert and an expert witness; recuse himself and transfer the petition to another circuit court; and allow defendant to depose his appointed trial counsel, Livingston County Public Defender David Ahlemeyer and McLean County Public Defender Steven Skelton. The trial judge denied these motions.

On January 5 and April 27, 1990, the trial judge held an evidentiary hearing on defendant's post-conviction petition. In a memorandum order dated March 6, 1991, the trial judge denied the petition.

## OPINION

A proceeding brought under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) is not an appeal; rather, it is a collateral attack on a judgment of conviction. The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously. (*People*

*v. Eddmonds* (1991), 143 Ill. 2d 501, 510.) The petitioner carries the burden to establish a substantial deprivation of constitutional rights. This court will not disturb the trial court's determinations absent manifest error. *People v. Griffin* (1985), 109 Ill. 2d 293, 303.

On appeal, defendant contends that he was denied his constitutional rights (U.S. Const., amends. VI, VIII, XIV) because: (1) the trial judge refused to recuse himself from the post-conviction proceeding; (2) his trial counsel failed to provide effective assistance during the death sentencing hearing; (3) the trial judge refused to appoint an expert witness and a mitigation expert, and subsequently did not allow that expert witness to testify at the post-conviction hearing; and (4) disallowed defendant from deposing Ahlemeyer and Skelton.

### Recusal From Post-Conviction Proceeding

Defendant first contends that the trial judge should have recused himself from the post-conviction proceeding. There is no absolute right to a substitution of judge at a post-conviction proceeding. (*People v. House* (1990), 202 Ill. App. 3d 893, 910, citing *People v. Wilson* (1967), 37 Ill. 2d 617.) Rather, the same judge who presided over the defendant's trial should hear his post-conviction petition, unless it is shown that the defendant would be substantially prejudiced. *People v. Mamolella* (1969), 42 Ill. 2d 69, 73; *People v. Neal* (1984), 123 Ill. App. 3d 148, 152; see *People v. Day* (1987), 152 Ill. App. 3d 416, 421.

In the present case, the trial judge appointed defendant's choice of defense counsel for the post-conviction proceeding. In the motion to recuse and at the hearing on the motion, defendant's post-conviction counsel conceded that he had no evidence that the judge was biased or unfair. Indeed, counsel noted that his appointment was a sign of the trial judge's fairness. Counsel stated that he filed the recusal motion only to preserve the is-

sue for possible, future litigation. Counsel did not offer any facts showing that the trial judge was actually prejudiced against him.

Before this court, defendant concedes his lack of evidence of the trial judge's bias or unfairness. However, defendant contends that, as a matter of due process, "a judge must not only recuse himself or herself from a case where actual prejudice does exist, but also where his or her hearing the case would give the appearance of partiality."

Of course, a basic requirement of due process is a fair trial in a fair tribunal, and fairness requires an absence of actual bias in the trial of the case. But further, our legal system has always sought to prevent even the probability of unfairness. As a result, due process may sometimes require a trial judge who has no actual bias to recuse himself or herself from a case where that judge's hearing the case would create the appearance of partiality. *In re Murchison* (1955), 349 U.S. 133, 136, 99 L. Ed. 942, 946, 75 S. Ct. 623, 625.

Defendant points to several circumstances which, he contends, give the appearance of partiality to the trial judge hearing the post-conviction petition. These circumstances surround a single event. Immediately prior to opening statements in defendant's trial, defendant requested to proceed *pro se* and asked for a continuance to prepare his defense. The trial judge brought defendant, defense counsel, and a court reporter into a conference room adjoining the courtroom and outside of the presence of the jury. The trial judge, defense counsel, and defendant were discussing defendant's representation when defendant struck his appointed trial counsel, McLean County Public Defender Steven Skelton, on the head with a chair and struck the trial judge on the head with his fist. *Hall*, 114 Ill. 2d at 389-90.

In *Wilks v. Israel* (7th Cir. 1980), 627 F.2d 32, the United States Court of Appeals for the Seventh Circuit was presented with the same issue with similar facts. The court concluded as follows:

> "A petitioner's deliberate attack on the trial judge calculated to disrupt the proceedings will not force a judge out of a case. *Mayberry v. Pennsylvania*, 400 U.S. 455, 463, 91 S. Ct. 499, 504, 27 L. Ed. 2d 532 (1971). To permit such an attack to cause a new trial before a new judge would encourage unruly courtroom behavior and attacks on the trial judge and would greatly disrupt judicial administration." *Wilks*, 627 F.2d at 37.

Accord 48A C.J.S. *Judges* §110, at 739 (1981).

This conclusion accords with the basic policy that we explained in the direct appeal:

> "We cannot presume a failure of impartiality of a trial judge even under extreme provocation. Judges are called upon to preside over the trial of onerous causes and persons. By definition, however, a trial judge is required to ignore provocations and pressures, whether public or from individuals. *** To hold that the law requires a substitution of judges under circumstances similar or comparable to those here would invite misconduct toward judges and lawyers, and a practice would develop that the grosser the misconduct the better the chances to avoid trial with an undesired judge or lawyer." *Hall*, 114 Ill. 2d at 407.

When presented with such facts, rather than adopt a *per se* rule, a reviewing court should "examine the trial to ensure that the trial judge, despite good cause for adverse feelings toward a defendant, has conducted a fair trial." (*Wilks*, 627 F.2d at 37 n.6.) We now address defendant's contentions in terms of whether the trial judge conducted a fair post-conviction proceeding.

Defendant first contends that the fact of the attack, alone, gives the appearance of partiality to the trial judge hearing the post-conviction petition. We disagree.

In the first appeal, we rejected defendant's contention that, based on the attack, the trial judge should have recused himself from the trial. We held that the judge's conduct at trial was entirely proper. (*Hall*, 114 Ill. 2d at 405-07.) That holding is *res judicata*, and the issue cannot be relitigated by recharacterizing it. (*People v. Spreitzer* (1991), 143 Ill. 2d 210, 223-24 (and cases cited therein).) Defendant admittedly does not have any additional facts to support a claim of partiality in the context of the post-conviction petition. Thus, we cannot say that the trial judge should have recused himself on this basis.

Defendant next contends that the trial judge should not have heard the post-conviction petition because the trial judge sentenced defendant to death. Defendant notes that the trial judge, in denying the recusal motion, remarked that he was "uncomfortable" with the death penalty. Defendant further notes that it was in his case that the trial judge imposed a death sentence for the first time in his judicial career. Thus, defendant reasons, the trial judge's violent encounter with defendant, in addition to the fact that the judge sentenced defendant to death, give the appearance of partiality to the trial judge hearing the post-conviction petition.

We disagree. The trial judge ordinarily is in the best position to determine whether he or she has been prejudiced against the defendant. (*Hall*, 114 Ill. 2d at 406, citing *People v. Vance* (1979), 76 Ill. 2d 171, 178.) Also, "ordinarily the fact that a judge has ruled adversely to a defendant in either a civil or a criminal case does not disqualify that judge from sitting in subsequent civil or criminal cases in which the same person is a party." *Vance*, 76 Ill. 2d at 178.

In the present case, the judge's remarks, to which defendant refers, were as follows:

> "THE COURT: Well, as far as I personally am concerned with this case, I do feel very uncomfortable with

this case. But not uncomfortable because I don't think I can be fair, but I am just uncomfortable with the death penalty itself. And I don't suppose that it was designed to make trial judges comfortable. So I do believe that I can be fair. I think I have demonstrated my ability to be fair to Mr. Hall before. And I certainly don't intend to depart from that at this stage. So I am going to deny the motion."

The trial judge determined that he could be fair, and the fact that the judge previously sentenced defendant to death did not disqualify him from hearing defendant's post-conviction petition. After reviewing the entire post-conviction proceeding, we cannot say that the trial judge should have recused himself on this basis.

Defendant next contends that the trial judge should not have heard the post-conviction petition because he ultimately denied the petition. Defendant argues that the denial showed the trial judge's inability to remain impartial. We disagree. "The entry of an adverse judgment, standing alone, is not evidence of prejudice." (*Nehring v. First National Bank* (1986), 143 Ill. App. 3d 791, 805.) We cannot say that the trial judge should have recused himself on this basis.

Defendant also contends that the trial judge should not have heard the post-conviction petition because the judge was a potential witness against defendant regarding the attack. Defendant lastly contends that the trial judge should not have heard the post-conviction petition because the judge, as chief judge of the McLean County circuit court, assigned the petition to himself. Defendant argues that another judge should have determined whether the trial judge could hear the petition impartially. We disagree. Again, the trial judge was in the best position to determine whether he could hear the petition impartially (see *Vance*, 76 Ill. 2d at 178), and the post-conviction record does not show that he failed to do so.

We cannot say that the trial judge should have recused himself on these bases.

After carefully reviewing the record, we conclude that defendant received a fair hearing on his post-conviction petition. Of course, "an attack [against a judge by a party] may be sufficiently vicious to compel a presumption that the judge was affected." (46 Am. Jur. 2d *Judges* §171 (1969).) In such a case, it would be better if the trial judge recused himself or herself. (See, *e.g.*, Annot., 25 A.L.R.4th 923, 926-27 (1983).) However, based on the trial judge's explicit determination that he could be impartial, and on the particular facts of this case, we cannot say that the trial judge's denial of defendant's recusal motion was manifestly erroneous.

### Ineffective Assistance of Counsel

Defendant next contends that his trial counsel failed to provide effective assistance during the death sentence hearing, as guaranteed by the sixth and fourteenth amendments to the United States Constitution. (U.S. Const., amends. VI, XIV.) Defendant claims that his trial counsel failed to present, or even investigate, meaningful mitigation evidence.

The State initially responds that defendant has waived this issue in this post-conviction appeal by failing to raise it on direct appeal. It is true that where a post-conviction petitioner has previously taken a direct appeal from a judgment of conviction, issues that could have been presented on direct appeal but were not are deemed waived. *People v. Flores* (1992), 153 Ill. 2d 264, 274; *People v. James* (1970), 46 Ill. 2d 71, 74.

However, defendant's post-conviction claim relies on affidavits of several alleged mitigating witnesses. Those affidavits were not part of the record on direct appeal. Thus, defendant could not have raised the issue in his direct appeal. Accordingly, the issue is not waived in a

post-conviction proceeding. *Eddmonds*, 143 Ill. 2d at 528; *People v. Owens* (1989), 129 Ill. 2d 303, 308-09.

At the hearing on his post-conviction petition, defendant presented the live testimony of Father Richard Means and Leta Powell, and affidavits from six others. Each swore that he or she would have testified at defendant's death sentencing hearing had that person been contacted by defendant's trial counsel. Defendant also testified that he gave his trial counsel a list of possible witnesses.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-pronged test. (See *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *adopted in People v. Albanese* (1984), 104 Ill. 2d 504.) First, the defendant must prove that counsel's representation fell below an objective standard of competence. Second, the defendant must prove that, but for counsel's unprofessional errors, the result would have been different. (*People v. Hampton* (1992), 149 Ill. 2d 71, 108.) In the context of a death sentencing hearing, the defendant must prove that there is a reasonable probability that, absent counsel's deficient conduct, the sentencer would have concluded that the balance of aggravating and mitigating circumstances did not warrant death. *Hampton*, 149 Ill. 2d at 109; *Eddmonds*, 143 Ill. 2d at 534-35.

A defendant must satisfy both prongs of the *Strickland* test to prevail on a claim of ineffective assistance of counsel. However, it is settled that if the ineffective-assistance claim can be disposed of on the ground that the defendant did not suffer sufficient prejudice, a court need not decide whether counsel's performance was constitutionally deficient. *Flores*, 153 Ill. 2d at 283-84; *Eddmonds*, 143 Ill. 2d at 511-12.

Applying these principles to the present case, we conclude that defendant has failed to show that his trial

counsel was ineffective under the sixth amendment. At defendant's death sentencing hearing, the aggravating evidence included certified copies of defendant's earlier convictions for rape, armed violence, and two armed robberies; and the testimony of two of defendant's past victims. (*Hall*, 114 Ill. 2d at 401.) The State also presented evidence that defendant, while in prison, held an inmate while two other inmates stabbed him. The trial judge heard mitigating evidence from defendant himself and two others. *Hall*, 114 Ill. 2d at 401.

The trial judge, in his order denying defendant's postconviction petition, described the mitigating testimony presented at the death sentencing hearing as background and character evidence. The judge considered the mitigating evidence presented at the post-conviction hearing to have been essentially cumulative. The trial judge found that had defendant's post-conviction witnesses and affiants testified at the sentencing hearing, there was no reasonable probability that the sentence would have been different. After carefully reviewing the record, we cannot say that this finding was manifestly erroneous.

We note defendant's argument that the trial judge ignored some of the post-conviction witnesses and affiants. In his memorandum order, the trial judge specifically referred to approximately half of defendant's post-conviction witnesses and affiants; the judge did not recite the testimony of each *seriatim*. However, all of the evidence was presented to the trial judge. Absent an indication to the contrary, we presume that the trial judge considered all of the evidence in denying the petition. The fact that the trial judge chose to address only certain evidentiary items does not mean that the judge failed to consider all of the evidence presented. (See *People v. Summers* (1977), 50 Ill. App. 3d 33, 35.) We uphold the trial judge's conclusion that defendant failed to establish a

claim of ineffective assistance of counsel under the sixth amendment.

## Expert Testimony

The trial judge denied defendant's motion to appoint attorney Michael Metnick as an expert witness. Defendant alleged that Metnick's testimony would: (1) establish the appropriate standard of competence necessary for effective assistance of counsel at a death sentencing hearing, and (2) show that Ahlemeyer and Skelton performed below that standard. The trial judge also denied defendant's subsequent motion to allow Metnick to testify at the hearing on the post-conviction petition.

The trial judge also denied defendant's motion to appoint Mary DeSloover as a mitigation expert. Defendant alleged that DeSloover would present mitigating evidence regarding defendant's sentence, which the trial judge could compare to that presented by Ahlemeyer and Skelton. Defendant alleged that this comparison would show that Ahlemeyer and Skelton performed below the appropriate standard of competence.

On appeal, defendant contends that the trial judge should have appointed Metnick and DeSloover as experts, or at least should have allowed Metnick to testify at the post-conviction hearing. Defendant argues that the denial of these experts effectively denied him his constitutional rights to effective assistance of counsel, and to offer mitigating evidence at his death sentencing hearing. U.S. Const., amends. VI, VIII, XIV.

This court has stated the following controlling principle:

> "Whether to allow the appointment of an expert, and to permit introduction of his testimony, are questions committed to the discretion of the trial judge. A threshold requirement for the admission of expert testimony is that the proffered testimony be of assistance to the court

or jury." *People v. Mack* (1989), 128 Ill. 2d 231, 250, cited in *Eddmonds*, 143 Ill. 2d at 536.

In the present case, the trial judge concluded that the proffered testimony would not help him to determine whether Ahlemeyer and Skelton performed below the required standard of competence. We agree. Defendant has failed to prove that, even had Ahlemeyer and Skelton presented at the sentencing hearing all of the mitigating evidence that Metnick and DeSloover would have presented, there was a reasonable probability that the sentence would have been different. Thus, we cannot say that the trial judge abused his discretion in refusing to admit this expert testimony.

## Discovery Depositions

Defendant lastly contends that the trial judge should have allowed defendant to depose Ahlemeyer and Skelton. It is settled that the taking of a discovery deposition is neither authorized nor prohibited by the Act. Rather, it is a matter within the trial judge's inherent authority. In deciding whether to permit the taking of a discovery deposition, the trial judge should consider all the relevant circumstances, including the issues presented in the post-conviction petition and the availability of the desired evidence through other sources. (*People ex rel. Daley v. Fitzgerald* (1988), 123 Ill. 2d 175, 183-84.) The trial judge's decision should not be reversed absent an abuse of discretion. *Fitzgerald*, 123 Ill. 2d at 180, quoting *People v. Rose* (1971), 48 Ill. 2d 300, 302.

In the present case, the evidence that defendant desired through discovery depositions was made available through another source. In his post-conviction petition, defendant claimed that Ahlemeyer and Skelton failed to provide effective assistance of counsel. At the hearing on the petition, Ahlemeyer and Skelton were extensively examined and cross-examined regarding defendant's alle-

gations. We cannot say that the trial judge abused his discretion in denying defendant's motion to depose Ahlemeyer and Skelton.

For the foregoing reasons, the order of the circuit court of McLean County is affirmed. The clerk of this court is directed to enter an order setting Wednesday, January 19, 1994, as the date on which the sentence of death entered in the circuit court is to be imposed. The defendant shall be executed in the manner provided by law. (Ill. Rev. Stat. 1991, ch. 38, par. 119—5.) The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, the warden of Stateville Correctional Center, and the warden of the institution where defendant is now confined.

*Affirmed.*