NOTICE

Decision filed 12/02/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180305-U

NO. 5-18-0305

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 91-CF-783 |
| | ) | |
| DERRICK PARKS, | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court rightfully denied the defendant's second motion for leave to file a successive petition for postconviction relief and did not abuse its inherent authority to vacate its previous ruling that purportedly advanced the motion's accompanying petition to the second stage.

¶ 2     The defendant, Derrick Parks, appeals from the trial court's judgment denying his second motion for leave to file a successive petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). For the reasons that follow, we affirm.

¶ 3                                    FACTS

¶ 4     In July 1993, a St. Clair County jury found the defendant guilty on one count of home invasion and two counts of first degree murder. The defendant was 21 years old when the

1

offenses were committed and had a prior criminal history. Viewed in the light most favorable to the State, the evidence adduced at trial established that on the night of June 26, 1991, the defendant and two accomplices forcibly entered a residence in East St. Louis, where the defendant fatally shot one of the occupants in the back of the head with a sawed-off shotgun, and one of his accomplices fatally stabbed another with a knife.

¶ 5    In August 1993, the defendant was sentenced to serve a mandatory term of natural life imprisonment on his murder convictions (see Ill. Rev. Stat. 1991, ch. 38, ¶ 1005-8-1(a)(1)(c)) and a concurrent 30-year term of imprisonment on his conviction for home invasion. In November 1995, the defendant's convictions and sentences were affirmed on direct appeal, and it was noted that the evidence of the defendant's guilt was overwhelming and that he was an active participant in the crimes. *People v. Parks*, No. 5-93-0612 (1995) (unpublished order under Supreme Court Rule 23).

¶ 6    In November 1996, the defendant filed a petition for postconviction relief pursuant to the Act, which the trial court denied in February 1999 following an evidentiary hearing. In August 2001, the trial court's denial of that petition was affirmed. *People v. Parks*, No. 5-99-0745 (2001) (unpublished order under Supreme Court Rule 23).

¶ 7    In April 2001, the defendant filed a petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2000)), which the trial court denied in June 2001. In May 2002, the trial court's denial of that petition was affirmed. *People v. Parks*, No. 5-01-0599 (2002) (unpublished order under Supreme Court Rule 23).

¶ 8    In February 2012, the defendant filed a second petition for relief from judgment, which the trial court dismissed the same month. In appellate court case No. 5-12-0152, the defendant appealed from the trial court's judgment but subsequently dismissed the appeal.

2

¶ 9    In July 2013, the defendant filed a motion for leave to file a successive postconviction petition pursuant to the Act and an accompanying petition raising a claim of actual innocence. The trial court subsequently denied the motion for leave, finding that the court lacked jurisdiction to consider it given the defendant's pending appeal in 5-12-0152. In March 2015, we reversed the trial court's judgment and remanded the cause with directions that the trial court consider the merits of the defendant's motion for leave. *People v. Parks*, No. 5-13-0461 (2015) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 10    In October 2015, the trial court entered an order denying the defendant's motion for leave to file a successive postconviction petition. In appellate court case No. 5-15-0485, the defendant appealed from the trial court's judgment but subsequently dismissed the appeal.

¶ 11    In February 2017, the defendant filed a second motion for leave to file a successive postconviction petition and an accompanying petition arguing that "as applied to him," his natural life sentence violated the eighth amendment of United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The defendant's motion and petition primarily relied on *Miller v. Alabama*, 567 U.S. 460, 489 (2012) (holding that mandatory life sentences for juveniles convicted of murder violate the eighth amendment), and *People v. House*, 2015 IL App (1st) 110580, ¶ 101 (holding that the defendant's mandatory life sentence violated the proportionate penalties clause "as applied to him" given his relative youth, background, and minimal participation in the murders). In March 2017, the cause was assigned to the Honorable Robert P. LeChien, who passed away in August 2017.

¶ 12    In December 2017, the cause was assigned to the Honorable Stephen P. McGlynn. In March 2018, without having ruled on the defendant's second motion for leave to file a successive

3

postconviction petition, the trial court entered an order docketing the defendant's accompanying petition for second stage proceedings and appointing counsel to represent him. See 725 ILCS 5/122-2.1(b), 122-4 (West 2016). The court's March 2018 order did not address the merits of the defendant's petition but specifically noted that the 90-day period within which a petition may be summarily dismissed had expired. See *id.* § 122-2.1(a). A week later, the court entered an order directing appointed counsel to secure the defendant's presence for a May 16, 2018, status hearing.

¶ 13　In April 2018, the trial court cancelled the status hearing set for May 16, 2018. On May 16, 2018, the court entered an order stating that it was taking the defendant's second motion for leave to file a successive postconviction petition under advisement and would rule on the motion after reviewing the record.

¶ 14　On May 22, 2018, the trial court entered an order stating the following:

> "Defendant was 21 years old at the time the offense was committed. A review of the record demonstrates the trial court did not err when sentencing him as an adult and did not err when failing to analyze on the record how his relative youth did not suggest a lesser sentence. Successive post-conviction denied."

In June 2018, the defendant filed a timely notice of appeal advising that he was appealing from the trial court's "judgment entered on May 22, 2018, denying motion for leave to file successive petition for post-conviction relief."

¶ 15　　　　　　　　　　　　　　DISCUSSION

¶ 16　On appeal, the defendant does not challenge the trial court's judgment denying his second motion for leave to file a successive postconviction petition. He rather argues that the trial court erred in *sua sponte* dismissing the motion's accompanying petition at the second stage in the

4

absence of a motion or pleading by the State. This argument presumes that in March 2018, when the trial court docketed the defendant's petition for second stage proceedings, the defendant's motion for leave was implicitly granted and could not later be considered. We conclude, however, that the trial court prematurely advanced the defendant's petition to the second stage and that, upon recognizing the error, the court did not abuse its inherent authority to vacate its previous ruling.

¶ 17　The Act provides a three-stage process for the adjudication of a postconviction petition. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, the trial court must independently examine a defendant's petition within 90 days of its filing. 725 ILCS 5/122-2.1(a) (West 2016); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. *Id*.

¶ 18　If a petition is not summarily dismissed at the first stage or if the trial court fails to act on the petition within 90 days, the petition advances to the second stage, where counsel can be appointed, and the State can file an answer or a motion to dismiss. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2016). If a petition advances from the first stage to the second stage by virtue of the expiration of the 90-day period, the petition may not be summarily dismissed as frivolous or patently without merit and may only be dismissed on a motion by the State. *People v. Volkmar*, 363 Ill. App. 3d 668, 673 (2006); see also *People v. Lentz*, 2014 IL App (2d) 130332, ¶ 7 (noting that because the Act's 90-day time requirement is mandatory, "if the trial court does not enter a summary dismissal within 90 days, it may not do so at all, and instead the petition must proceed to the second stage").

¶ 19　At the second stage, the trial court determines whether the defendant has made a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 245. If the court

determines that the defendant has made a substantial showing of a constitutional violation, the petition proceeds to the third stage for an evidentiary hearing. *Id*.

¶ 20 As noted, the defendant maintains that the trial court improperly dismissed his instant petition at the second stage in the absence of a responsive pleading by the State. Referencing the court's March 2018 order, the defendant emphasizes that the record "plainly shows that [his] petition was advanced to the second stage and that counsel was appointed to represent him." The defendant thus contends that the court's May 22, 2018, order was an impermissible *sua sponte* dismissal of his petition, occurring well beyond the applicable 90-day timeframe. The defendant's argument ignores the significance of the court's May 16, 2018, order, however, and further "ignores the fact that the Act treats successive petitions differently than initial petitions." *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007).

¶ 21 Section 122-1(f) of the Act specifically provides that "[o]nly one petition may be filed by a petitioner under this Article without leave of the court." 725 ILCS 5/122-1(f) (West 2016). Until such leave is granted, a successive petition does not advance to the three-stage postconviction process and is not considered "filed" for purposes of the Act's 90-day summary dismissal period. *People v. Bailey*, 2017 IL 121450, ¶¶ 25-26; *LaPointe*, 227 Ill. 2d at 45. A defendant is not statutorily required to file a motion explicitly requesting leave to file a successive postconviction petition (*People v. Tidwell*, 236 Ill. 2d 150, 161 (2010)), and a trial court has the authority to *sua sponte* consider whether a successive petition should be docketed for second-stage proceedings (*People v. Sanders*, 2016 IL 118123, ¶ 27). Nevertheless, a successive petition "is not actually filed until leave has been granted by the court." *Bailey*, 2017 IL 121450, ¶ 25.

¶ 22    Here, in March 2018, finding that the 90-day period within which a postconviction petition may be summarily dismissed had expired, the trial court docketed the defendant's instant petition for second stage proceedings, appointed counsel to represent him, and set the cause for a status hearing. The court had not yet ruled on the defendant's second motion for leave to file a successive postconviction petition, however, and did not otherwise grant the defendant leave to file the petition. *Cf. Sanders*, 2016 IL 118123, ¶¶ 26-27 (finding that the trial court implicitly granted leave by ruling that the defendant's successive petition presented the gist of an actual-innocence claim). As a result, the 90-day period that the trial court cited as controlling had not yet commenced. See *Bailey*, 2017 IL 121450, ¶¶ 25-26; *LaPointe*, 227 Ill. 2d at 45. The record indicates that in April 2018, when the trial court realized that the defendant's instant petition was a successive petition and that his motion for leave to file the petition was still pending, the court vacated its previous order advancing the petition to the second stage and cancelled the previously scheduled status hearing. On May 16, 2018, the court entered its order advising that it would rule on the defendant's motion for leave after reviewing the record. On May 22, 2018, the trial court entered its order denying the defendant's "[s]uccessive post-conviction," which, despite its awkward wording, was contextually a denial of the defendant's motion for leave. See *Williams v. Ingalls Memorial Hospital*, 408 Ill. App. 3d 360, 372 (2011) (noting that a trial court's orders "must be interpreted from the entire context in which they were entered," including the motions and issues that were before the court), *overruled on other grounds by Wilson v. Edward Hospital*, 2012 IL 112898. We further note that the defendant obviously considered the trial court's May 22, 2018, order as a denial of his motion for leave, given that in his notice of appeal, he specifically stated that he was appealing from the court's judgment denying his "motion for leave." We accordingly reject the defendant's contention on appeal that the order was an

7

untimely summary dismissal of his instant petition, as opposed to a denial of his motion for leave to file it.

¶ 23    "[A] court in a criminal case has the inherent power to reconsider and correct its rulings, and this power extends to interlocutory rulings." *People v. Johnson*, 2017 IL 120310, ¶ 33. A court is free to review, modify, or vacate an interlocutory order at any time prior to the entry of a final judgment. *Id*. Here, the trial court's March 2018 order advancing the defendant's instant petition to the second stage was an interlocutory ruling entered on the court's erroneous belief that the 90-day period that had not yet commenced had expired. As indicated, when the trial court later realized the defendant's second motion for leave to file a successive petition was still pending, the court vacated its March 2018 order and subsequently addressed the merits of the motion. Under the circumstances, the trial court did not abuse its inherent authority to vacate its prior ruling that prematurely advanced the instant petition to the second stage. We acknowledge that had the State filed a motion to dismiss the petition or a motion to dismiss the defendant's motion for leave, the situation would be different. See *People v. Canizalez-Cardena*, 2020 IL App (4th) 180212, ¶¶ 29-32. Whether to grant a defendant's request for leave to file a successive postconviction petition is to be determined by the trial court as a matter of law, and "the State should not be allowed to participate in the trial court's determination." *Id.* ¶ 31 (citing *Bailey*, 2017 IL 121450, ¶ 24). Here, however, the State did not participate.

¶ 24    We lastly note that although the defendant has waived any claim with respect to the trial court's judgment denying his motion for leave to file his instant petition by abandoning the issue on appeal (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)), the trial court properly denied the motion on the basis that the defendant was 21 when his crimes were committed. See *People v. Humphrey*, 2020 IL App (1st) 172837, ¶¶ 33-34 (noting that the defendant in *House* was 19 and

8

that, although arbitrary, defendants who were 21 or older when their crimes were committed are presently precluded from raising *Miller*-based as-applied challenges to the constitutionality of their life sentences); see also *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 27 (suggesting that if the applicability of *Miller*-based claims should be extended beyond "under-21-year-olds," the extension "should be made by our legislature or our highest court"). Additionally, as previously indicated, the defendant was an active participant in the murders upon which his life sentence was based, and viewed in the light most favorable to the State, he personally shot one of the victims in the head. *Cf. People v. House*, 2019 IL App (1st) 110580-B, ¶ 46 (emphasizing that "the State's evidence at trial established that defendant was not present at the scene of the murder but merely acted as a lookout"), *appeal allowed*, No. 125124 (Ill. Jan. 29, 2020).

¶ 25    Leave to file a successive postconviction petition should be denied when it is clear that the claims the defendant alleges fail as a matter of law. *People v. Smith*, 2014 IL 115946, ¶ 35. Under the current state of the law, the defendant's claim that his life sentence is unconstitutional fails. See *Humphrey*, 2020 IL App (1st) 172837, ¶¶ 33-36. If, in the future, the state of the law changes, the defendant can, of course, seek to challenge his sentence by requesting leave to file another successive postconviction petition.

¶ 26                                     CONCLUSION

¶ 27    For the foregoing reasons, the trial court's judgment denying the defendant's second motion for leave to file a successive postconviction petition is hereby affirmed.


¶ 28    Affirmed.