# Illinois Official Reports

## Supreme Court

*People v. Johnson*, 2017 IL 120310

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALLEN R. JOHNSON, Appellant. |
| Docket No. | 120310 |
| Filed | January 20, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Winnebago County, the Hon. Randy Wilt, Judge, presiding. |
| Judgment | Appellate court judgment affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Jacqueline L. Bullard, Deputy Defender, and Susan M. Wilham, Assistant Appellate Defender, all of the Office of the State Appellate Defender, of Springfield, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Brian McLeish, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices             JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant Allen R. Johnson appeals from the dismissal of his postconviction petition as untimely. This court allowed defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Jan. 1, 2015)), and we now consider the timeliness of defendant's petition within the meaning of section 122-1(c) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(c) (West 2008)). For the following reasons, we affirm the judgment of the appellate court.

¶ 2                                BACKGROUND

¶ 3      In 2005, defendant was found guilty of first degree murder and sentenced to a 50-year term of imprisonment. On direct review, the appellate court affirmed his conviction and sentence in a Rule 23 order on May 7, 2007. *People v. Johnson*, No. 2-05-0507 (2007) (unpublished order under Supreme Court Rule 23). Defendant neither filed a petition for leave to appeal to this court nor a petition for writ of *certiorari* to the United States Supreme Court.

¶ 4      On August 25, 2008, defendant filed a *pro se* postconviction petition. He acknowledged that the petition was untimely but alleged that the delay was not due to his culpable negligence. Defendant calculated the petition's due date as March 11, 2008. In calculating that date, he noted that he would have had until June 11, 2007, to file a petition for leave to appeal to this court and until September 11, 2007, to file a petition for writ of *certiorari* to the United States Supreme Court. Accordingly, defendant claimed his petition was due six months from the September 11, 2007, date. In the petition, defendant asserted claims of error based on ineffective assistance of trial counsel, ineffective assistance of appellate counsel, failure to suppress his confession, false testimony of a police detective before the grand jury, and a discovery violation. An affidavit from a fellow prison inmate and "freelance paralegal," Christopher Askew, was attached to the petition. Askew averred that he helped defendant prepare the petition but, due to circumstances beyond their control, the petition had been delayed. Askew stated that although he and defendant discussed the petition in January 2008, defendant was unable to obtain the record from the law library until March 19, 2008, and after that, a series of prison lockdowns prevented the timely completion of the petition. Included with Askew's affidavit was a memo from a prison counselor verifying that the prison had been on lockdown from March 25 through April 18, 2008, and that there had been one-day lockdowns on April 24 and May 15, 2008. The Winnebago County trial court summarily dismissed the petition on the basis that it was not timely filed and also found that defendant had failed to allege facts showing that the delayed filing was not due to his culpable negligence. Defendant appealed the dismissal, and in 2010, the appellate court reversed and remanded the cause to the trial court for second-stage proceedings. *People v. Johnson*, No. 2-09-0350 (2010) (unpublished order under Supreme Court Rule 23).

¶ 5 On remand to the trial court, counsel was appointed to represent defendant. Subsequently, defense counsel filed a motion to allow the late filing of defendant's petition. The motion repeated the allegations in defendant's petition that the late filing of the petition was not due to defendant's culpable negligence but to the difficulty in obtaining the record from the law library and to prison lockdowns.

¶ 6 On June 8, 2011, an evidentiary hearing on the issue of timeliness took place before Judge Steven Vecchio. Defendant testified that sometime in 2007, he received documents from the appellate court indicating that his conviction and sentence had been affirmed. At that time, he was not sure what steps to take so he asked various people at the prison and made numerous telephone calls home asking for help. Sometime in early January 2008, he was approached by fellow inmate Christopher Askew, and they had a conversation in which Askew indicated he could help defendant file a postconviction petition. Askew told defendant that he needed to look at defendant's transcripts and court documents so that he could prepare the petition. Defendant requested his legal papers from the law library, and after a period of delay, he and Askew were able to retrieve them, and Askew began working on the petition. Defendant further stated that a series of prison lockdowns in March, April, and May 2008 delayed the completion of the petition. On cross-examination, defendant admitted that although he referred to Askew as a "jailhouse lawyer," he knew Askew was not a licensed attorney. Defendant nonetheless relied on Askew because defendant knew "nothing" about the law and felt he could not file a petition on his own. Defendant also admitted that initially he was unaware of a deadline to file his petition but subsequently became aware that there was a deadline, although he never knew what the deadline was. Further, he was unable to recall when he became aware that there was a deadline.

¶ 7 Judge Vecchio granted defendant's motion to file the petition late, finding that defendant could not be culpably negligent because defendant initially had been unaware of the deadline for filing a petition and had relied on Askew for help. On that same date, defense counsel adopted the petition and filed a Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 8 Subsequently, the case was reassigned to Judge Randy Wilt in January 2012. In October 2012, the State filed a motion to dismiss defendant's petition. In the motion, the State noted that although the timeliness issue had already been "resolved" by Judge Vecchio's prior ruling, it included the issue in the motion to avoid waiver. The State disagreed with defendant's calculation of the petition's due date, arguing that the petition was due on November 7, 2007, which was six months after the filing of the appellate court's May 7, 2007, Rule 23 order. Regarding the substantive claims in the petition, the State argued that defendant had failed to make a substantial showing of a constitutional violation. Oral argument on the State's motion was heard in July 2013, where the parties and the court agreed that Judge Vecchio had already ruled on the timeliness issue.

¶ 9 In a written order, Judge Wilt granted the State's motion and dismissed defendant's petition in September 2013, finding that the petition was untimely and that the claims in the petition had no merit. Regarding timeliness, the court referred to Judge Vecchio's prior order excusing the late filing of the petition as "inexplicable" and found that the prior order was not dispositive. The court noted that when the prior order was decided, the case had been remanded from the appellate court and the issue had "not been briefed and properly litigated." It explained that "given the circumstances," the issue was still properly before the court to

decide. The court stated that because the issue of timeliness had since been properly briefed and argued, it determined that the petition was untimely and subject to dismissal on that basis. The court calculated the due date of the petition as February 7, 2008, which was six months after the expiration of the 90 days in which defendant would have had to file a petition for *certiorari*. It further found that defendant's delay in filing the petition was due to his culpable negligence. Noting defendant's claims of delay based on prison lockdowns and difficulty accessing the record, the court found that the petition was late due to defendant's "inattentiveness," since the claimed delays occurred in March and April 2008, which was after the petition was due. Regarding the substance of defendant's claims, the court found that defendant had failed to make a substantial showing of a constitutional violation and the petition could be dismissed on that basis as well.

¶ 10     The appellate court affirmed the dismissal, finding that the petition was untimely and that defendant was culpably negligent in filing the petition late. *People v. Johnson*, 2015 IL App (2d) 131029. The court also found that Judge Wilt had authority to reconsider Judge Vecchio's prior order regarding timeliness because the prior order was an interlocutory order, which can be reviewed, modified, or vacated before final judgment. Regarding timeliness, the court determined that defendant had 35 days from May 7, 2007, to file a petition for leave to appeal, which was due on June 11, 2007. Defendant then had six months from that date to file a postconviction petition, which was due on December 11, 2007. Since defendant's petition was not filed until August 2008, the court found that it was untimely. Regarding whether the late filing was due to defendant's culpable negligence, the court found that since the petition was due in December 2007, defendant's claims of delay, which occurred in 2008, could not provide a basis for excusing the late filing since they occurred after the deadline had passed. The court affirmed the dismissal of defendant's petition based on timeliness and did not address defendant's contentions with respect to the merits of his claims. Defendant now appeals.

¶ 11                                                      ANALYSIS
¶ 12     On appeal, defendant contends that (1) section 122-1(c) of the Act does not include a time limit for filing a postconviction petition when no petition for leave to appeal is filed and, alternatively, (2) Judge Wilt erred by overruling Judge Vecchio's prior order regarding the timeliness of defendant's petition.

¶ 13                                                     Timeliness
¶ 14     The Act provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Tate*, 2012 IL 112214, ¶ 8. In a noncapital case, a postconviction proceeding contains three stages. Defendant's petition was dismissed at the second stage of proceedings on the basis that it was untimely due to defendant's culpable negligence and the claims in the petition did not make a substantial showing of a constitutional violation. When reviewing a motion to dismiss at the second stage of proceedings, we accept as true all factual allegations that are not positively rebutted by the record. *People v. Lander*, 215 Ill. 2d 577, 586 (2005). Our review of a petition dismissed at this stage is *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182-83 (2005).

- 4 -

¶ 15    Defendant's first contention on appeal presents a question of statutory interpretation. The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Hanna*, 207 Ill. 2d 486, 497 (2003). The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Hall v. Henn*, 208 Ill. 2d 325, 330 (2003). However, a court will presume that the legislature did not intend an absurd, inconvenient, or unjust result. *Id.* Where a plain or literal reading of a statute produces absurd results, the literal reading should yield. *Hanna*, 207 Ill. 2d at 498. When the intent and purpose of the legislature can be determined from a statute, words can be modified, altered, or inserted so as to obviate any repugnancy or inconsistency with the legislature's intent. *People v. Parker*, 123 Ill. 2d 204, 210-11 (1988). Circumstances that existed at the time the statute was enacted, contemporaneous conditions, and the object sought to be achieved all may be considered. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 112 (1993). The construction of a statute is a question of law that we review *de novo*. *Hall*, 208 Ill. 2d at 330.

¶ 16    Section 122-1(c) of the Act provides in relevant part:

> "When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. *If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.* If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.

> This limitation does not apply to a petition advancing a claim of actual innocence." (Emphasis added.) 725 ILCS 5/122-1(c) (West 2008).

¶ 17    Defendant argues that the statute does not provide a time limit in which to file a postconviction petition for a procedural situation such as his, where no petition for leave to appeal was filed. He therefore maintains that there was no filing deadline applicable to his petition. Defendant further argues that even if this court determines the statute does provide a deadline for his petition, we should find the statute ambiguous and construe it in his favor so as to negate any finding of culpable negligence.

¶ 18    The State acknowledges that the statute has an "apparent gap" for defendants who file a notice of appeal but do not file a petition for leave to appeal. However, the State argues that this gap should not be construed as providing a loophole that would allow defendants to file a postconviction petition at any time. Rather, the statute should be read to provide a deadline for such defendants. The State further argues that even if the literal reading of the statute would compel defendant's "no deadline" interpretation, this court is not bound by the literal language if it leads to absurd or unjust results not contemplated by the legislature.

¶ 19    The relevant part of the statute contains three sentences. The first sentence, which does not apply here, provides a six-month deadline for filing a postconviction petition after proceedings in the United States Supreme Court have concluded. The third sentence, which also does not apply here, provides a three-year deadline when no appeal has been filed. If the statute does

provide a deadline for defendant's petition, it must be provided by the second sentence. Again, that sentence states: "[i]f a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2008). While the sentence does use the term "petition for *certiorari*," it does not include the term "petition for leave to appeal." This omission has led to various interpretations. Even here, defendant and the State took different positions before the trial court as to defendant's petition's due date, and the trial and appellate courts reached different determinations as well.

¶ 20    It seems clear, and the parties agree, that a literal reading of the statute does not specifically include a deadline for filing a postconviction petition when no petition for leave to appeal is filed. The statute uses the term "petition for *certiorari*," which is commonly understood to refer to a petition for writ of *certiorari* to the United States Supreme Court. See Sup. Ct. R. 13. In contrast, the term "petition for leave to appeal" is commonly understood to refer to a petition for leave to appeal to this court. See Ill. S. Ct. R. 315(b) (eff. Mar. 15, 2016). The terms have different meanings and are not interchangeable. According to the statute, when no petition for *certiorari* is filed, the six-month deadline starts to run from the date for filing the *certiorari* petition. The date for filing the *certiorari* petition is determined by United States Supreme Court Rule 13. That rule provides that a petition for *certiorari* to review a judgment entered by a state court of last resort must be filed within 90 days of the judgment. Sup. Ct. R. 13. It further provides that a petition for *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort must be filed within 90 days after entry of the order denying discretionary review. *Id.* The United States Supreme Court only has jurisdiction to consider a petition for *certiorari* when an appeal has been taken to the state court of last resort. *Id.* Thus, when the statute provides that a postconviction petition cannot be filed more than six months from the date for filing a *certiorari* petition, the date for filing a *certiorari* petition can only be ascertained when an appeal to this court is taken. If there has been no appeal to this court, then no *certiorari* petition may be filed, and there can be no due date for filing a *certiorari* petition. And, if there is no due date for filing a *certiorari* petition, then the six-month time period in the statute is never triggered, and there can be no deadline for filing a postconviction petition when no petition for leave to appeal is filed.

¶ 21    However, this literal reading of the statute must yield because it is at odds with the purpose of the statute, which includes providing deadlines for filing a postconviction petition. Construing the statute literally would lead to an absurd and unjust result not intended by the legislature. Initially, we point out that the statute has always included a deadline for filing a postconviction petition. The original deadline for filing a petition was five years from final judgment. 1963 Ill. Laws 2880 (§ 122-1). This was increased to 20 years but later reduced to 10 years. 1965 Ill. Laws 856 (§ 1); Pub. Act 83-693, § 1 (eff. Jan. 1, 1984); Pub. Act 83-942, § 1A (eff. Nov. 23, 1983); Pub. Act 83-1362, art. II, § 44 (eff. Sept. 11, 1984). Subsequent amendments again reduced the deadline to three years from final judgment or from the date of conviction or six months from the denial of a petition for *certiorari* or the denial of a petition for leave to appeal or the date for filing such a petition if none is filed. Pub. Act 86-1210, § 2 (eff. Jan. 1, 1992); Pub. Act 87-580, § 1 (eff. Jan. 1, 1992); Pub. Act 88-678, § 15 (eff. July 1, 1995). And, at one time, the statute included a deadline of 45 days from the filing of a defendant's brief on appeal before this court. Pub. Act 89-284, § 5 (eff. Jan. 1, 1996); Pub. Act

89-609, § 5 (eff. Jan. 1, 1997); Pub. Act 89-684, § 5 (eff. June 1, 1997); Pub. Act 90-14, art. 2, § 2-240 (eff. July 1, 1997); Pub. Act 93-493, § 5 (eff. Jan. 1, 2004). Though the statute has undergone numerous revisions due to various amendments, what we can deduce is that the legislature has always intended to provide a deadline for filing a postconviction petition and also that the legislature has gradually decreased the time period in which a petition may be filed. It does not follow, as defendant argues, that the legislature would exempt a certain subset of persons from any filing deadline. The purpose of the Act is to provide an avenue of relief for defendants who can assert that their convictions were the result of a substantial denial of their constitutional rights. Yet this avenue of relief has never been without limitations. If the statute were to be construed as having no deadline for procedural situations such as here, a person could file a postconviction petition more than 20, 30, or even 50 years after an appeal, a period longer than any deadline ever imposed by the Act. Had the legislature intended not to provide a deadline in this situation, it would have expressly stated so, such as it did when it included the provision that the limitations in the statute did not apply to petitions advancing claims of actual innocence. 725 ILCS 5/122-1(c) (West 2004). The legislature made no such express statement regarding when a petition for leave to appeal is not filed. We should not infer that such an omission intended to result in an infinite period of time in which a person can seek postconviction relief.

¶ 22    Also, the legislative debates prior to the latest statutory amendment indicated that the amendment did not change the time frame for filing a postconviction petition; it only clarified the time frame. During the discussion before the House, Representative Davis asked: "We're not lengthening it and we're not shortening it, is that correct?" Representative Turner responded: "No. We're just clarifying it, that's correct." 93d Ill. Gen. Assem., House Proceedings, May 27, 2004, at 19-25.

¶ 23    Before the current version of the statute was amended by Public Act 93-972, § 10 (eff. Aug. 20, 2004), it provided in relevant part:

> "When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the denial of the Petition for Leave to Appeal to the Illinois Supreme Court, or more than 6 months from the date for filing such a petition if none is filed, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West Supp. 2003) (as amended by Pub. Act 93-605 (eff. Nov. 19, 2003)).

The latest amendment made several changes to the statute. Among these changes were the removal of the "petition for leave to appeal" language and the addition of the "petition for *certiorari*" language. Yet, the amendment did not change the six-month time frame in which to file a postconviction petition, as noted by the debate before the House. Under these circumstances, we cannot say that the legislature intended such a drastic change as to eliminate the deadline for filing a postconviction petition when a defendant does not appeal to this court. The statute even provides a three-year deadline for filing a petition when no notice of appeal is filed. We see no reason for the legislature to provide a deadline when no notice of appeal has been filed but not to include one when no petition for leave to appeal has been filed.

¶ 24    Thus, if we interpret the statute the way in which the legislature intended, we must insert the petition for leave to appeal language in the statute that the legislature omitted by oversight. Therefore, the statute provides that a postconviction petition must be filed within six months of

the date for filing a petition for *certiorari* or a petition for leave to appeal. Here, the six-month time period for filing a postconviction petition started to run after the expiration of the 35 days in which defendant had to file a petition for leave to appeal to this court. The appellate court's Rule 23 order was issued on May 7, 2007. Defendant's petition for leave to appeal was due 35 days later, on June 11, 2007, and his postconviction petition was due six months later, on December 11, 2007. Thus, we are in agreement with the appellate court's determination of the due date of defendant's petition and also that his petition, filed in August 2008, was untimely.

¶ 25 Having determined that defendant's postconviction petition was untimely, we next consider whether the delay in filing the petition was due to defendant's culpable negligence. Defendant argues that the confusion over the statute's deadline for filing a petition should negate his culpability for the late filing.

¶ 26 A petition that is untimely will not be dismissed if the petitioner alleges facts showing that the delay in filing the petition was not due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2008). We have determined that the "culpably negligent" standard contemplates "something greater than ordinary negligence and is akin to recklessness." *People v. Boclair*, 202 Ill. 2d 89, 108 (2002). We have also noted that "[i]gnorance of the law or legal rights will not excuse delay in bringing a lawsuit." (Internal quotation marks omitted.) *Id.* at 104-05. Further, in *People v. Lander*, 215 Ill. 2d 577, 588 (2005), we held that the defendant's reliance on the advice of jailhouse lawyers, a prison law clerk, and a law librarian or paralegal was not reasonable when there were no facts alleged to show that they had any specialized knowledge in postconviction matters. We concluded in *Lander* that the defendant's reliance on such advice was insufficient to establish the delay in filing was not due to his culpable negligence. *Id.* at 589.

¶ 27 Similarly here, defendant's reliance on fellow inmate and "freelance paralegal" Askew is insufficient to establish that the delay was not due to his culpable negligence. Defendant admitted that he knew Askew was not a licensed attorney but nonetheless relied on Askew for help since defendant knew "nothing" about the law. Defendant's lack of legal knowledge as to postconviction matters is also insufficient, since ignorance of the law or of one's legal rights does not provide an excuse for his late filing. See *Boclair*, 202 Ill. 2d at 104-05. Further, despite his argument here, defendant never alleged in the petition or during his testimony before the trial court that confusion over the proper deadline for filing a petition caused him to file the petition late. Moreover, as the appellate court determined, since defendant's petition was due in December 2007, any circumstances that occurred in 2008 did not cause him to file the petition late. Defendant's actions were greater than "ordinary negligence" and more akin to "recklessness." Even when defendant became aware that a deadline for filing the petition existed, he took no additional steps to ascertain the deadline. We conclude that defendant failed to establish a lack of culpable negligence for the delay in filing his petition.

¶ 28 Defendant relies on *People v. Robinson*, 2015 IL App (4th) 130815, arguing that the *Robinson* court concluded that the statute provided no deadline when no petition for leave to appeal is filed. Although the court did interpret the statute as not providing a deadline, this erroneous construction was unnecessary to the court's holding. Ultimately, the court upheld the dismissal of the defendant's postconviction petition as untimely since the defendant had admitted that the petition had been filed late and had no "coherent explanation" of why the

lateness was not due to his culpable negligence. *Id.* ¶¶ 35, 37. To the extent *Robinson* can be read to suggest that the statute does not provide a deadline, we reject such a conclusion.

¶ 29    Defendant further argues that the statute is ambiguous since it is susceptible to conflicting interpretations and urges us to apply the rule of lenity to negate any finding of culpable negligence.

¶ 30    Pursuant to the rule of lenity, ambiguous criminal statutes will generally be construed in the defendant's favor. *People v. Jackson*, 2011 IL 110615, ¶ 21. However, a postconviction proceeding is not part of the criminal process. *People v. Johnson*, 191 Ill. 2d 257, 270 (2000). Rather, it is a collateral attack on the judgment of conviction and is civil in nature. *Id.* Further, the cardinal principle of statutory construction, to which all other canons and rules are subordinate, is that a court must ascertain and give effect to the intent of the legislature. *Jackson*, 2011 IL 110615, ¶ 21. The rule of lenity does not require a court to construe a statute so rigidly as to defeat the intent of the legislature. *Id.* Here, as noted above, the legislature intended section 122-1(c) of the Act to provide time limits in which a postconviction petition may be filed. For these reasons, we find the rule of lenity inapplicable here.

¶ 31                               Judge Vecchio's Order Regarding Timeliness

¶ 32    Lastly, defendant contends that Judge Wilt erred by overruling Judge Vecchio's prior order regarding the timeliness of defendant's petition. Defendant acknowledges that although Judge Wilt might have had the authority to overrule Judge Vecchio's order, Judge Vecchio was in a superior position to rule on the issue because he presided over the evidentiary hearing where defendant testified and could better assess defendant's credibility. Defendant also disagrees with Judge Wilt's finding that the issue had "not been briefed and properly litigated" when Judge Vecchio made his ruling.

¶ 33    As defendant acknowledges and as the appellate court found, a court in a criminal case has the inherent power to reconsider and correct its rulings, and this power extends to interlocutory rulings. *People v. Mink*, 141 Ill. 2d 163, 171 (1990). Judge Vecchio's ruling regarding the timeliness of defendant's petition was an interlocutory order that Judge Wilt had the power to review and reconsider. See *Catlett v. Novak*, 116 Ill. 2d 63, 68 (1987) (an interlocutory order can be reviewed, modified, or vacated at any time before final judgment). Accordingly, we find no error in Judge Wilt's reconsideration of Judge Vecchio's prior order.

¶ 34                                             CONCLUSION

¶ 35    We conclude that defendant's postconviction petition was untimely and that the late filing was the result of defendant's culpable negligence. We affirm the judgment of the appellate court.

¶ 36    Appellate court judgment affirmed.