2023 IL App (1st) 210703-U

FOURTH DIVISION
Order filed May 18, 2023

No. 1-21-0703

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 13 CR 15428 |
| | ) | |
| ROBERT HUNTER, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*:      We affirmed the second stage denial of the defendant's petition for postconviction relief pursuant to The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) where the petition was untimely, and the defendant did not allege a lack of culpable negligence.

¶ 2      The defendant, Robert Hunter, appeals from the order of the circuit court granting the State's motion to dismiss his postconviction petition as untimely. On appeal, the defendant contends that he

was not culpably negligent because he relied on the advice of direct appeal counsel who misled him into thinking that his petition was due six months after the issuance of the appellate court mandate. The defendant also contends that his petition made a substantial showing that he did not voluntarily waive his right to a jury trial. For the reasons that follow, we affirm.

¶ 3   Following a bench trial, the defendant was found guilty of aggravated kidnapping and two counts of unlawful use of a weapon by a felon and sentenced to 21 years in prison. The defendant appealed contending the State failed to prove him guilty beyond a reasonable doubt. This court affirmed the defendant's conviction in an order filed May 31, 2016, but vacated certain assessments imposed on the defendant and held that he was entitled to presentence credit toward eligible fines. *People v. Hunter*, 2016 IL App (1st) 140707-U, ¶ 47

¶ 4   On February 10, 2017, the defendant filed a postconviction petition in the circuit court. In an affidavit of service filed with the petition, the defendant averred that he placed the petition in the mail system on January 26, 2017. The petition raised eight claims of constitutional error.

¶ 5   On March 31, 2017, the circuit court appointed counsel to represent the defendant and docketed the petition for further proceedings. On April 5, 2019 counsel filed a supplemental petition and a Supreme Court Rule 651(c) (eff. July 1, 2017) certificate. On September 27, 2019, the State filed a motion to dismiss the defendant's postconviction petition. The motion argued, *inter alia*, that the defendant's petition was untimely, and that the defendant failed to allege facts showing a lack of culpable negligence.

¶ 6   The defendant filed a response to the State's motion arguing that he was not culpably negligent. The defendant argued that until *People v. Johnson¸* 2017 IL 120310 was decided on January 20, 2017, it was unclear whether there was even a deadline for filing a postconviction

petition where there was no petition for leave to appeal (PLA) filed in the supreme court. The defendant argued that he believed the time for filing his petition was six months after the appellate court issued its mandate. The defendant attached his own affidavit which stated:

"In regards to case # 13 CR 15428 my conviction was affirmed by the appellate court on August 2, 2016 (See exhibit B). The attorney that represented me on appeal (Kristin E. Mueller) sent me a packet on post conviction appeals. Please see exhibit C-pages 1 + 2. Exhibit C – page 2 clearly states if you did not file a petition for leave to appeal (PLA) file your petition 6 months from the date of appellate court decision. It was my understanding that if conviction was affirmed by appellate court on August 2, 2016 (see exhibit B) that I had 6 months from that date to file my post conviction making the deadline February 2, 2017."

Attached to the affidavit was a letter sent to the defendant from his appellate attorney (Exhibit B). The letter stated:

"This letter is just to confirm that, pursuant to my last letter, my office is closing your file as no further challenges to the appellate court's ruling were filed by the State. The deadlines to file both a petition for a rehearing and a petition for leave to appeal have passed, and the appellate court formally issued its mandate (decision) today (8-2-16) to the trial court. As such, no issues remain open in your appeal and your file will now be closed by my office."

Also attached to the affidavit was the packet on postconviction procedures purportedly sent by the defendant's appellate attorney (Exhibit C). The packet included the following statement regarding the timing of a postconviction petition where no PLA was filed:

"The statute does not state what the filing deadline is in a situation where no petition for *certiorari* and no petition for leave to appeal were filed. It is our recommendation that if you do not file a petition for leave to appeal to the Illinois Supreme Court, you file your post-conviction petition within 6 months of the completion of your direct appeal in the appellate court."

However, in a table immediately following this statement the document stated "IF YOU…" "Did not file a Petition for Leave to Appeal (PLA)" "FILE YOUR PETITION…" "6 months from the date of the Appellate court decision." The defendant also argued that his belief was reasonable because a clerk in the library also shared that belief. The defendant attached an affidavit from Kema Fair (Exhibit A). Fair averred that he was an inmate at Shawnee Correctional Center employed as law clerk in the legal library and assisted the defendant with preparation of his postconviction petition. Fair further averred:

"It is my understanding that under Illinois state law pursuant to 725 ILCS 5/122-1 that a petitioner is to file his petition within 6 months of the decision made by the appellate court if no appeal to the supreme court was filed. It is also my understanding that a decision is not made formal and final until the court enters its mandate. In this case, the mandate was not issued until 8/2/2016. Therefor[e] I believe that [the defendant] was well within his deadline for filing his postconviction petition in that he prepared and mailed his petition on or about 1/26/2017."

¶ 7    The State filed a reply arguing that the defendant was incorrect in his belief that the mandate date controlled, that it was his "sole obligation" to know the time requirements, and that his reliance on a prison law clerk did not excuse his error and he should have sought out more reliable advice.

¶ 8 On January 15, 2021, the State filed an amended motion to dismiss. In the amended motion, the State continued to argue that the defendant's original petition was untimely. The defendant elected to stand on his previously filed response. The circuit court ultimately granted the State's motion finding:

> "My belief is that simply relying on the advice of a jailhouse lawyer, or whoever he relied on, is insufficient to mitigate culpable – to be something that I can overlook. Unfortunately, I think that it's too late. So, I will dismiss on that ground."

This appeal follows.

¶ 9 The defendant first contends that the circuit court erred when it dismissed his petition as untimely. The defendant argues that the letter he received from appellate counsel was "wildly misleading" and that it led him to believe that it was the mandate of the appellate court which triggered the six-month limitations period. The State argues that the defendant's reliance on advice from a prison law clerk was unreasonable and the defendant should have sought advice from direct appeal counsel or other reliable sources.

¶ 10 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a statutory remedy to incarcerated criminal defendants whereby they can assert their convictions violated the United States Constitution, the Illinois Constitution, or both. *People v. Robinson*, 2020 IL 123849, ¶ 42. The Act is not a substitute for appeal, but instead a mechanism for a collateral attack on a conviction. *Id.* Proceedings under the Act have as many as three stages. *People v. McMillen*, 2021 IL App (1st) 190442, ¶ 10.

¶ 11 At the first stage, the circuit court has 90 days to independently review the petition and determine if the petition is "frivolous or patently without merit" (725 ILCS 5/122-2.1(a)(2)(West

2016)). *Id.* If the petition advances to the second stage, the State must answer or move to dismiss the petition, and the court must determine whether the petition makes a substantial showing of a constitutional violation. *Id.* ¶ 11. If the petition survives the second stage, the court may conduct a third-stage evidentiary hearing and determine whether the defendant is entitled to relief. *Id., ¶* 12. When, as here, the circuit court dismisses the petition at the second stage, we accept as true all factual allegations not positively rebutted by the record and review the decision *de novo. People v. Lander*, 215 Ill. 2d 577, 586 (2005).

¶ 12    "Postconviction proceedings may not be commenced outside the time limitation period in the Act unless the defendant alleges sufficient facts to show the delay in filing was not due to the defendant's culpable negligence." *Id.* Culpable negligence contemplates something greater than ordinary negligence and is akin to recklessness. *Id.* at 587. All citizens are charged with knowledge of the law and ignorance of the law or legal rights is no excuse. *Id.* at 588. "Thus, the sole obligation of knowing the time requirements for filing a postconviction petition remains with the defendant." *Id* at 588-89.

¶ 13    At the time the defendant filed his petition, the Act provided the following time limitations:

"When a defendant has a sentence other than death, no proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a defendant does not file a direct appeal, the post-conviction petition shall be

filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2016).

Although the Act does not specify a time limit where the defendant appeals to the appellate court but does not file a PLA, the supreme court supplied the missing time limit in *People v. Johnson*, 2017 IL 120310, ¶24. In such a case, the petition is due six months after the date a petition for leave to appeal would have been due. *Id.* "The judgment of the appellate court becomes effective on the date this court enters it and not on the date that the mandate issues. *People v. Dukes*, 146 Ill. App. 3d 790, 797 (1986). A defendant has 35 days to file a PLA, and, if he does not do so, the six-month time period begins to run at that time. *Johnson*, 2017 IL 120310, ¶ 24

¶ 14     In this case, this court entered its judgment affirming the defendant's conviction on May 31, 2016. The defendant did not file a petition for leave to appeal. Accordingly, his postconviction petition was due 35 days plus six months after May 31, 2016, or January 6, 2017. The parties agree that when the defendant placed his petition in the mail on January 26, 2017, it was approximately three weeks overdue and untimely.

¶ 15     The defendant argues, however, that although untimely, the delay in filing his petition was not the result of culpable negligence because the letter from his appellate attorney was misleading, and he relied on the advice of a prison law clerk. The defendant relies on *People v. Rissley*, 206 Ill. 2d 403 (2003) for the proposition that relying on the erroneous advice of counsel regarding the date for filing a postconviction petition does not constitute culpable negligence. In *Rissley*, the defendant contended that he had relied on the advice of appellate counsel who told him that he had three years

from the date of sentencing to file his petition and the attorney corroborated the allegation in an affidavit. *Id.* at 410-11. We find the defendant's reliance on *Rissley* misplaced.

¶ 16    Here, the information on postconviction petitions given to the defendant by appellate counsel recommended that he file a petition within six months from the appellate court decision or alternatively six months from the date of the "completion of your direct appeal." Unless a petition for rehearing is filed, an appellate court case is complete when the judgment is entered; the mandate is simply the vehicle by which the appellate court transmits its judgment to the trial court and revests the trial court with jurisdiction. See *Dukes*, 146 Ill. App. 3d at 797. If the defendant had heeded the advice of counsel his petition would have been filed 35 days early. Nevertheless, the defendant argues that he was misled because the letter he received referred to the "mandate (decision)" of the appellate court. We disagree.

¶ 17    The letter sent by appellate counsel does not even mention the filing of a postconviction petition. We cannot conclude that this letter is the equivalent of the inaccurate advice given in *Rissley*. When it referred to the "mandate (decision)" of the appellate court, the letter was merely recognizing that the mandate is the vehicle whereby the appellate court transmits its decision to the circuit court. At this stage, we must accept as true the defendant's assertion that he subjectively believed that the date of the mandate was the relevant date for determining when he should file his postconviction petition. See *Lander*, 215 Ill. 2d at 58. This belief, however, was not reasonable in light of the clear caselaw defining the effective date of an appellate decision. See *Dukes*, 146 Ill. App. 3d at 797. More importantly, the defendant did not take any reasonable steps to determine whether his subjective belief was correct. The defendant did not attempt to contact the attorney who sent the letter or anyone with an established expertise in postconviction law. Instead, the defendant

entrusted his fate to the opinion of a prison law clerk with no proven record of providing accurate advice regarding postconviction petitions. See *Lander*, 215 Ill. 2d at 588 ("defendant did not allege the jailhouse lawyers, law clerk or librarian had any particular training in postconviction matters providing them with specialized knowledge of the filing deadline for a postconviction petition"). We cannot find the defendant's reliance on the opinion of a prison law clerk was reasonable where there were no facts to show he had any specialized knowledge of postconviction law. See *Id.*

¶ 18    Therefore, we conclude that the defendant's untimely postconviction petition was properly dismissed because he failed to allege that the delay was not the result of culpable negligence. Given our disposition in this case, we need not address the defendant's remaining claim. See *People v. Cruz¸* 2013 IL App (1st) 091944, ¶35.

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 20    Affirmed.