2024 IL App (1st) 221037-U

No. 1-22-1037

Order filed February 7, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 20804 |
| | ) | |
| TIMOTHY A. SCHROETER, | ) | Honorable |
| | ) | John T. Gallagher, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Circuit court did not err in dismissing defendant's postconviction petition where defendant lacked standing to file it due to the completion of his sentence.

¶ 2   Pursuant to a guilty plea, defendant Timothy Schroeter was convicted of aggravated criminal sexual abuse and sentenced to four years' probation. He now appeals from a circuit court order granting the State's motion to dismiss his petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, defendant contends that

the court erred in dismissing his petition. The State responds that the dismissal was proper due to defendant's lack of standing to file a petition under the Act once his sentence was completed. We affirm.

¶ 3     Defendant was charged with various sexual offenses, including aggravated criminal sexual abuse, allegedly committed against his sister J.S. between March 1, 2004, and June 30, 2010, when she was under 9 years old and he was between 11 and 16 years old.

¶ 4     On January 22, 2014, defendant pled guilty to a single count of aggravated criminal sexual abuse (720 ILCS 5/12-16(a)(1) (West 2004)) and received 48 months' adult probation in the sex offender program, with the order noting the requirement that he register as a sex offender. The probation would terminate on January 21, 2018. Defendant did not file a postplea motion or direct appeal.

¶ 5     In January 2018, the court entered an order terminating defendant's probation, upon the report of his probation officer that defendant complied with the conditions of his probation.

¶ 6     In January 2021, defendant, through counsel, filed the postconviction petition now at issue. He claimed actual innocence based on a December 2020 affidavit from J.S. averring that defendant never molested her. He alleged that trial counsel never contacted or properly investigated J.S., who "had an extensive history of severe mental illness, self-harm, drug and alcohol abuse and involuntary placements in psychiatric facilities," and would have told counsel that defendant never molested her. Defendant asserted that he would not have pled guilty if he had the information in J.S.'s affidavit.

¶ 7     Defendant claimed that J.S. provided him a similar statement in August 2016 but he did not have the resources then to employ counsel to prepare a postconviction petition. He claimed

that his petition was filed with due diligence because he "had no contact with [J.S.] nor did he have any reasonable way of contacting her but only through a private investigator who obtained the sworn affidavit *** was he able to finally locate her."

¶ 8     Attached to the petition was J.S.'s December 2020 affidavit in which she discussed her mental health issues and stated that, when she was a high school freshman, she was brought to a police station where she was told police were investigating her sexual assault by defendant. She averred that she repeatedly said it was not true and "felt like I had to make up a story." She "knew what I was telling was a lie," so that she was "ashamed that the lies I told to the police caused [defendant] harm when he was arrested." Also attached to the petition was J.S.'s August 2016 statement that, in her sophomore year, she was told by police that defendant sexually abused her and she "didn't know what to do but agree" and "didn't wanna [*sic*] say the truth that he didn't." As a result, defendant was "charged with something that didn't take place" as he was physically but not sexually abusive. The 2016 statement was a notarized affidavit and included J.S.'s telephone number.

¶ 9     In April 2021, counsel certified pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017) that he consulted with defendant to ascertain his claims, examined the record, conducted a diligent investigation, and concluded that the allegations in the petition were true.

¶ 10    The State filed a motion to dismiss defendant's petition. The State argued that any claims other than actual innocence were barred by the Act's three-year limitation period (725 ILCS 5/122-1(c) (West 2020)), which expired in February 2017. The motion also argued that defendant did not state a claim of actual innocence because his supporting affidavits "fail to discuss the actual incident and fail to discuss the actual trial proceedings."

¶ 11    Defendant filed a response to the motion, arguing that he pled guilty to receive probation rather than imprisonment, believing that J.S. was maintaining that he sexually abused her. He argued that J.S.'s 2020 affidavit was unequivocal that he did not molest her. He would not have pled guilty had he known J.S. was willing to recant her account of sexual abuse.

¶ 12    The State replied in support of its motion, reiterating its argument that J.S.'s "affidavits fail to discuss the actual incident and fail to discuss the actual trial proceedings."

¶ 13    On June 3, 2022, the court granted the State's motion to dismiss the petition.[1] The court acknowledged J.S.'s averments "that the abuse to [which defendant] pled guilty did not actually ever occur, [she] lied to the police, and [he] never actually molested her." Her affidavits, however, did not constitute newly-discovered evidence of actual innocence because a "retraction made ten years after the initial charges were filed, and six years after the plea, hardly consist of newly discovered evidence, and is not clear or convincing." The court found it was unclear that defendant would have been acquitted had J.S. recanted before trial. The court also found that any ineffective assistance claim for not interviewing J.S. was barred by the Act's limitation period. This appeal timely followed.

¶ 14    On appeal, defendant contends that the court erred in dismissing his postconviction petition. The State responds that the dismissal was not erroneous because defendant did not have standing to file a petition under the Act once he completed his sentence.

¶ 15    The Act provides a three-stage process by which persons under criminal sentence can assert a constitutional challenge to their convictions. *People v. Johnson*, 2017 IL 120310, ¶ 14. The

_____

[1] The court's written order was stamped "entered" on May 25, 2022. However, the court told the parties in open court on June 3, 2022, that it was granting the State's motion and dismissing defendant's petition, and the docket entry for the dismissal was June 3, 2022.

second stage dismissal of a postconviction petition upon the State's motion to dismiss, as here, is reviewed *de novo*. *Id.* In conducting *de novo* review, we are not bound by the circuit court's reasoning and may affirm on any basis supported by the record. *People v. Aljohani*, 2022 IL 127037, ¶ 28.

¶ 16    The Act provides that "[a]ny person imprisoned in the penitentiary may institute a proceeding under" the Act. 725 ILCS 5/122-1(a) (West 2020). When a defendant is not "imprisoned in the penitentiary" for purposes of the Act, they lack standing to file a petition under the Act. *People v. Johnson*, 2021 IL 125738, ¶¶ 37, 45, 50. Whether or not a defendant is actually imprisoned, a defendant is "imprisoned in the penitentiary" under the Act when they have not fully discharged their sentence for the conviction they are challenging. *Id.* ¶¶ 37, 62. Thus, a defendant has standing to file a petition under the Act challenging a conviction when they are still serving probation on that conviction. *Id.* ¶ 62.

¶ 17    Collateral consequences of a conviction do not constitute being "imprisoned in the penitentiary" under the Act. *Id.* ¶¶ 66-67. Though a conviction triggers a duty to register as a sex offender, sex offender registration is a collateral consequence of the conviction that does not convey standing to challenge the conviction under the Act. *Id.* ¶ 69. In other words, sex offender registration does not convey standing under the Act because it is not punishment. *People v. Begay*, 2018 IL App (1st) 150446, ¶¶ 57-61 (citing *People v. Cardona*, 2013 IL 114076, ¶ 24).

¶ 18    Here, the record clearly establishes that defendant completed his probation for aggravated criminal sexual abuse in January 2018. Thus, he was no longer "imprisoned in the penitentiary" when he filed his postconviction petition challenging that conviction in January 2021 and could not "institute a proceeding under" the Act. See 725 ILCS 5/122-1(a) (West 2020). The requirement

that he register as a sex offender does not give him standing under the Act to challenge his aggravated criminal sexual abuse conviction. *Begay*, 2018 IL App (1st) 150446, ¶ 61. Defendant no longer has the remedies provided by the Act and we cannot expand the Act's remedy to bring his case within the reach of it. *Id.* ¶ 63. Accordingly, we conclude that defendant lacked standing to file the petition at issue and the circuit court's dismissal of that petition was proper.

¶ 19    The judgment of the circuit court is affirmed.

¶ 20    Affirmed.