NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231421-U

NO. 4-23-1421

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| JUSTIN M. GIACOBAZZI, | ) | No. 17CF345 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the trial court's order dismissing defendant's postconviction petition at the second stage of proceedings.

¶ 2     Defendant, Justin M. Giacobazzi, appeals from an order of the circuit court of Peoria County granting the State's motion to dismiss his postconviction petition at the second stage of proceedings. Defendant contends he set forth a viable claim of ineffective assistance of counsel and the dismissal of his petition based on untimeliness violates the principle of fundamental fairness. Defendant also contends he raised a viable claim of actual innocence. For the following reasons, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4        The Third District has set forth the underlying facts of this case in defendant's prior appeal. See *People v. Giacobazzi*, 2021 IL App (3d) 180536-U. Accordingly, we will set forth only those facts necessary to resolve the issues presented in this case.

¶ 5                               A. Trial and Direct Appeal

¶ 6        On May 2, 2017, a grand jury indicted defendant on one count of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2016)) and one count of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2016)). The State alleged defendant engaged in acts of sexual conduct and sexual penetration with the victim, V.G., who was over the age of 13 but under the age of 18, and defendant held a position of authority, supervision, or trust over V.G.

¶ 7        After a jury trial, defendant was convicted on both counts and sentenced to 12 years' imprisonment for criminal sexual assault and 5 years' imprisonment for aggravated criminal sexual abuse, to be served concurrently.

¶ 8        Defendant appealed. On March 26, 2021, the Third District affirmed defendant's convictions and sentences. *Giacobazzi*, 2021 IL App (3d) 180536-U, ¶ 25.

¶ 9                               B. Postconviction Proceedings

¶ 10        On November 21, 2021, defendant filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant alleged he received ineffective assistance of counsel in that his counsel (1) told him he would have to pay an additional $7500 if he wanted to testify, (2) bolstered the State's case during his opening statement, cross-examination of V.G., and closing argument, and (3) improperly elicited defendant's postarrest silence. On May 13, 2022, the petition was advanced to second-stage proceedings by default. On June 29, 2022, defendant filed an amended petition, additionally asserting a claim of actual innocence, noting the medical records did not reflect V.G. was injured

in the manner she asserted. The State filed a motion to dismiss, asserting, in part, defendant's

petition was untimely and his actual innocence claim was meritless.

¶ 11　　　　On November 13, 2023, the trial court granted the State's motion to dismiss. The

court held it was "undisputed" defendant's petition was untimely and the untimeliness was due to

his "culpable negligence."

¶ 12　　　　The trial court also rejected defendant's assertions of ineffective assistance of

counsel on their merits and rejected his actual innocence claim, as it "[did] not present new,

material, and non-cumulative evidence that is so conclusive that it would probably change the

result on retrial. The doctor's report was of such a nature that it neither confirmed nor

contradicted [V.G.'s] version of events (said report was also not 'new')."

¶ 13　　　　This appeal followed.

¶ 14　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　　　On appeal, defendant contends the trial court erred in dismissing his

postconviction petition at the second stage. Specifically, defendant argues the dismissal of his

petition due to untimeliness violates the concept of fundamental fairness as he (1) set forth a

viable claim of ineffective assistance of both trial and appellate counsel and (2) alleged a viable

claim of actual innocence.

¶ 16　　　　The Act provides a procedural mechanism through which a defendant may assert

a substantial denial of his constitutional rights in the proceedings which resulted in his

conviction. 725 ILCS 5/122-1 *et seq.* (West 2020). At the first stage of a postconviction

proceeding, the trial court independently reviews the defendant's petition, taking the allegations

as true, and determines if it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d

1, 10, 912 N.E.2d 1204, 1208-09 (2009). If the petition is not summarily dismissed, it advances

to the second stage, where the State may file a motion to dismiss the petition, and the court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation. *Id.* at 10-11. At the second stage of proceedings, the court takes "all well-pleaded facts that are not positively rebutted by the trial record" as true. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006). If the petition fails to make a substantial showing of a constitutional violation, it is dismissed; if such a showing is made, the petition advances to the third stage, where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2020). We review a dismissal of a petition at the second stage *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182, 840 N.E.2d 658, 662 (2005).

¶ 17                                                  A. Timeliness

¶ 18          The Act provides, in pertinent part:

"No proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for *certiorari* is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. ***

This limitation does not apply to a petition advancing a claim of actual innocence." 725 ILCS 5/122-1(c) (West 2020).

¶ 19          As our supreme court has explained:

- 4 -

"The United States Supreme Court only has jurisdiction to consider a petition for *certiorari* when an appeal has been taken to the state court of last resort. [Citation.] Thus, when the statute provides that a postconviction petition cannot be filed more than six months from the date for filing a *certiorari* petition, the date for filing a *certiorari* petition can only be ascertained when an appeal to this court is taken." *People v. Johnson*, 2017 IL 120310, ¶ 20, 77 N.E.3d 615.

¶ 20 "[A] literal reading of the statute does not specifically include a deadline for filing a postconviction petition when no petition for leave to appeal [to the Illinois Supreme Court] is filed." *Id.* Consequently, the Illinois Supreme Court "insert[ed] the petition for leave to appeal language in the statute that the legislature omitted by oversight." *Id.* ¶ 24. Thus, section 122-1(c) provides

"that a postconviction petition must be filed within six months of (1) the conclusion of proceedings before the United States Supreme Court or, if none, (2) the date for filing a petition for *certiorari* with the United States Supreme Court or, if none, the date for filing a petition for leave to appeal [in the Illinois Supreme Court]." *People v. Lighthart*, 2023 IL 128398, ¶ 63, 231 N.E.3d 127.

¶ 21 The timeliness of a petition for leave to appeal in the Illinois Supreme Court is governed by Illinois Supreme Court Rule 315 (eff. Oct. 1, 2021). Rule 315(b)(2) provides, in pertinent part, that "[t]he time for filing a petition for leave to appeal [an Illinois Supreme Court Rule 23 (eff. Jan. 1, 2021)] order shall be the same as for published opinions [under Rule 315(b)(1)] unless a timely motion to publish has been filed in the Appellate Court pursuant to

Rule 23(f)." Ill. S. Ct. R. 315(b)(2) (eff. Oct. 1, 2021). The Third District affirmed defendant's convictions and sentences through a Rule 23 order, and he did not file a motion to publish. Rule 315(b)(1) dictates the timeliness of a petition for leave to appeal in the Illinois Supreme Court in such circumstances. In pertinent part, Rule 315(b)(1) provides, "[u]nless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 35 days after the entry of such judgment." Ill. S. Ct. R. 315(b)(1) (eff. Oct. 1, 2021).

¶ 22        In this case, the Third District rendered its decision on March 26, 2021, and defendant did not file a petition for rehearing. Thus, defendant had 35 days—until April 30, 2021—in which to file a petition for leave to appeal in the Illinois Supreme Court. Defendant had until six months after April 30, 2021—or until November 1, 2021—in which to timely file his postconviction petition. *Lighthart*, 2023 IL 128398, ¶ 63. As defendant did not file his petition until November 21, 2021, it was untimely.

¶ 23        Defendant's untimeliness may be excused if he "allege[d] facts showing that the delay was not due to his *** culpable negligence." 725 ILCS 5/122-1(c) (West 2020). Here, defendant did not allege such facts in the petition. See *People v. Stoecker*, 384 Ill. App. 3d 289, 292, 892 N.E.2d 131, 134 (2008) ("The burden rests with the defendant to prove a lack of culpable negligence."). The trial court properly concluded defendant's petition was untimely and that the delay in filing it was due to his culpable negligence. Thus, the court did not err in dismissing the petition on this basis.

¶ 24                                    B. Actual Innocence

¶ 25        However, the timeliness limitation of the Act "does not apply to a petition advancing a claim of actual innocence." 725 ILCS 5/122-1(c) (West 2020). A claim of actual

- 6 -

innocence requires evidence that is "(1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial." *People v. Robinson*, 2020 IL 123849, ¶ 47, 181 N.E.3d 37. "Newly discovered evidence is evidence that was discovered after trial and that the [defendant] could not have discovered earlier through the exercise of due diligence." *Id.* Evidence is material and not cumulative where it is relevant and probative of the defendant's innocence and adds to the information presented at trial. *Id.* Finally, the conclusive character of the new evidence, the most important element of a claim of actual innocence, "refers to evidence that, when considered along with the trial evidence, would probably lead to a different result." *Id.*

¶ 26        Defendant asserts a medical report of V.G.'s examination is "newly discovered evidence" supporting his claim of actual innocence.

¶ 27        The medical report was not used at trial by either party. This report states V.G. "had a normal ano-genital exam; this does not exclude the possibility of sexual abuse." Although the report states the possibility of sexual abuse is not excluded by the "normal" results of the exam, those results are relevant and probative of defendant's innocence, and thus are material for purposes of an actual innocence claim, since they make it less likely defendant sexually penetrated V.G. See Ill. R. Evid. 401 (eff. Jan. 1, 2011) (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). As this report was not used at trial, it would add to the information presented at trial and would, therefore, not be cumulative. However, given its conclusion that the normal results of the examination would not "exclude the possibility of sexual abuse," the report neither confirms nor contradicts V.G.'s account of being sexually penetrated by defendant. Accordingly, the

report is not of such conclusive character that, considered with the trial evidence, it would probably lead to a different result on retrial.

¶ 28       Further, defendant asserts this report is "newly discovered evidence (to the extent that trial counsel failed to utilize it in defense)." That counsel did not use the report at trial does not make it "newly discovered evidence." *Robinson*, 2020 IL 123849, ¶ 47. Defendant does not explain how this report was either not discovered until after trial or how he somehow could not have discovered it earlier through due diligence. For these reasons, defendant cannot set forth a viable claim of actual innocence based on the report of V.G.'s medical examination.

¶ 29       In sum, defendant's postconviction petition was untimely and he did not assert any facts demonstrating the delay was not due to his culpable negligence. Defendant's claim of actual innocence was meritless and therefore does not excuse the untimeliness of the petition. For these reasons, the trial court did not err in dismissing defendant's petition at the second stage of proceedings.

¶ 30                        III. CONCLUSION

¶ 31       For the reasons stated, we affirm the trial court's judgment.

¶ 32       Affirmed.